UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------

MARIANNE RAFTIS,

                              Plaintiff,                    **NOTICE OF CROSS-MOTION**
                                                           Case No. 08-Civ-3067
        -vs-

MERCK & CO., INC.,

                              Defendant.
------------------------------------------------------------------

   PLEASE TAKE NOTICE that upon the attorney affirmation of Ronald R. Benjamin, dated the 10th

day of April, 2008, and the Defendant's Notice of Removal and exhibits, and the accompanying

Memorandum of Law, dated April 10, 2008, and upon all the pleadings and prior proceedings heretofore

had, served and/or filed herein, plaintiff will cross-move this Court, before the Honorable George B.

Daniels at a date to be set by the Court, in the United States Courthouse for the Southern District of New

York,  for an order pursuant to 28 U.S.C. §1447(c) remanding this action back to the New York State

Supreme Court for the County of New York from which it was improperly removed by defendant Merck

& Co., Inc., on the grounds of alleged fraudulent joinder and other allegations of tactically avoiding

removal, and will seek such other and further relief as is just and proper.

Dated: April 10, 2008
       Binghamton, New York

                                    _____
                                    RONALD R. BENJAMIN  Fed. Bar No. 101131
                                    LAW OFFICE OF RONALD R. BENJAMIN
                                    Attorneys for Plaintiff
                                    126 Riverside Drive, P. O. Box 607
                                    Binghamton, New York 13902
                                    607/772-1442

TO:    Theodore V. H. Mayer, Esq.
       Vilia B. Hayes, Esq.
       Robb W. Patryk, Esq.
       HUGHES HUBBARD & REED LLP
       Attorneys for Defendant Merck & Co., Inc.
       One Battery Park Plaza
       New York, New York 10004-1482

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------
MARIANNE RAFTIS,

                     Plaintiff,

    -vs-

MERCK & CO., INC.,

                  Defendant.
--------------------------------------------------------------

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss: |
| COUNTY OF BROOME | ) |

**ATTORNEY AFFIRMATION**

Case No. 08-Civ-3067

      RONALD R. BENJAMIN, an attorney duly admitted to practice in the State of New York, hereby affirms under penalty of perjury as follows:

      1.  I am the attorney for the plaintiff and make this affirmation in support of plaintiff's opposition to the defendant's motion to stay the proceedings pending a decision on transfer by the Judicial Panel on Multi-District Litigation.

      2.  This affirmation further supports the plaintiff's instant cross-motion to remand this action back to the New York State Supreme Court for the County of New York from which it was removed by defendant Merck & Co., Inc., on the grounds of alleged tactical avoidance of removal, which appears to also suggest fraudulent joinder.

      3.  Plaintiff was originally named in the caption of a multi-plaintiff action filed on February 2, 2005, in the Supreme Court of the State of New York for the County of New York, entitled Charles H. Dixson, Mayra Figueroa, Margharita Giordano, Mary K. Matias, Kevin Pitcher, and Marianne Raftis v. Pfizer, Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer, Inc., and Pharmacia & Upjoihn Company, a wholly-owned subsidiary of Pharmacia Corporation, and

<u>Merck & Co.</u>, Index No. 101551/05, as confirmed by Merck's Acknowledgment of Service, annexed hereto as **Exhibit A.**

4.  By Administrative Order dated April 14, 2006, all cases seeking damages for ingestion of Bextra, Celebrex and Vioxx, whether alone or in combination, were assigned to the Hon. Shirley W. Kornreich for the purpose of coordination for all purposes. *See Administrative Order, annexed as last document in Merck's Ex.4., at page 1.*

5.  Plaintiffs in multi-plaintiff complaint captions were required to file separate actions by the prior orders of the Honorable Helen Freedman (*see copies of orders annexed hereto as **Exhibit B***), and for that reason, plaintiff commenced a separate action by filing of the complaint with the New York Supreme Court for the County of New York on August 11, 2006. *See Complaint annexed as Exhibit 1 to Notice of Removal*

6.  As Merck appears to concede in its moving papers, it did not seek to remove the original complaint during the one-year period after it was filed, nor the separate complaint during the one-year period after it was filed.

7.  On its face, the complaint alleges product liability and fraud claims against defendant Merck & Co., as well as Pfizer, Inc., arising out of the plaintiff's ingestion of their respective drugs Vioxx and Celebrex. *Id., at paras. 15-16.* It is clear from the complaint that plaintiff alleged indivisible injury based on the same personal injury risks posed by these two drugs.

8.  The complaint alleges plaintiff "ingested the drug Celebrex in or about 1999 to 2000, as directed by her physicians and in accordance with the respective manufacturer's instructions." *Complaint, Merck Ex. 1, at para. 16.* Her ingestion of Celebrex at the 200 mg daily dose in 1999 to 2000 is documented in medical records. *See **Exhibit C.***

9.  On the face of the original multi-plaintiff complaint and the instant separate action complaint, it is clear plaintiff did not sue any physician, salesman distributor or fictitious John Doe;

rather, they confirm she sued as co-defendants only the manufacturers of the other Cox-II inhibitor

drugs plaintiff ingested, manufactured and marketed by Merck's competitor, Pfizer

10.    Further, the complaints allege both the plaintiff and defendant Pfizer are citizens of the

State of New York *(Notice of Removal, at para. 5),* and defendant's removal papers do not in any

respect indicate there is any evidence that defendant Pfizer is not a citizen of New York State as

alleged in the complaint at the time of filing.  Instead, defendant Merck appears to concede diversity

of citizenship was not a basis for federal jurisdiction in this case at the time either the original or

amended complaint was filed, and claims the Stipulation that discontinued plaintiff's claims against

its co-defendant Pfizer almost three years later was some kind of "tactical avoidance."

11.    Merck is or should be fully aware there is ongoing nationwide litigation against the

Pfizer defendants, as well as multidistrict litigation, and that on November 19, 2007, the Honorable

Charles R. Breyer issued an opinion holding that the "plaintiffs have not presented scientifically

reliable evidence that Celebrex causes heart attacks or strokes when ingested at the 200 milligram a

day dose."  <u>IN RE: BEXTRA AND CELEBREX MARKETING SALES PRACTICES AND</u>

<u>PRODUCT LIABILITY LITIGATION (MDL No. 1699)</u>, 524 F. Supp. 2d 1166, 1169, 2007 U.S.

Dist. LEXIS 85382 at *40 (N.D.CA 2007).

12.    Judge Breyer's order came within days after the Compliance Motion Order entered by

Special Master Fern M. Smith cited by Merck, which required expedited compliance with discovery

requirements of Case Management Order No. 6 within 21 days. *See Merck's Ex. 4 annexed to the*

*Notice of Removal.*  However, it is clear Judge Breyer's decision intervened and had a clear impact

on the viability of the plaintiff's claims based on her ingestion of Celebrex.

13.    Indeed, thereafter, Pfizer filed a motion for failure to comply with Judge Smith's

expedited order, and it was not until March 5, 2008, that plaintiff's counsel signed the Stipulation of

Dismissal with Prejudice Against Pfizer Defendants. *See Stipulation annexed as Ex. 2 to Notice of*

*Remand.*

14.   However, it is significant that, on February 25, 2008, prior to executing the Stipulation, counsel for plaintiff filed a cross-motion for an extension of time based on the fact that "Judge Breyer's decision and the overlapping events...have clearly raised significant issues as to the likelihood of success of each of the plaintiff's claims [based on Celebrex]" which required him to evaluate the individual claims and identify claims that should be discontinued and advise the plaintiffs of the same.  *See annexed hereto as **Exhibit D**, Attorney Affirmation (without exhibit) in support of cross-motion, at paras. 6-7.*

15.   In view of the aforesaid matters confirming there was no fraudulent joinder or tactical avoidance that supports removal beyond the one-year period, it is respectfully requested that this Court should DENY the defendant's motion for a stay since the rules provide plaintiff without thirty days within which to file a motion to remand, and this Court is the only court that currently has jurisdiction over this case.

16.   Moreover, this Court should GRANT the plaintiff's cross-motion to remand this action to the New York State Supreme Court for the County of New York, in the coordinated litigation before Judge Kornreich which will obviate the transfer of this case.

Dated: April 10, 2008
       Binghamton, New York

RONALD R. BENJAMIN Fed.Bar No. 101131
LAW OFFICE OF RONALD R. BENJAMIN
Attorneys for Plaintiff
126 Riverside Drive, P. O. Box 607
Binghamton, New York 13902
607/772-1442

**Exhibit**

**A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------X
CHARLES H. DIXSON, MAYRA FIGUEROA,
MARGHARITA GIORDANO, MARY K. MATIAS,
KEVIN PITCHER, and MARIANNE RAFTIS,

                      Plaintiffs,

    - against -

PFIZER, INC., PHARMACIA CORPORATION, a
wholly-owned subsidiary of PFIZER, INC.,
PHARMACIA & UPJOHN COMPANY, a wholly-
owned subsidiary of PHARMACIA CORPORATION,
and MERCK & CO., INC.,

                    Defendants.
------------------------------------X

ACKNOWLEDGE OF RECEIPT OF SUMMONS
AND COMPLAINT BY MAIL
Index No.: 101551/05
Date Filed: February 2, 2005

TO:    Merck & Co., Inc.
        One Merck Drive
        P.O. Box 100 WS3AB-05
        Whitehouse Station, New Jersey 08889-0100

    I received a summons and complaint in the above captioned matter at *Whitehouse Station NJ*

Please check one of the following:

1.   [X]  I am not in the military service.

2.   [ ]  I am in the military service, and my rank, serial number and branch of service are as
follows:

        Rank:_____

        Serial Number:_____

        Branch:_____

            TO BE COMPLETED REGARDLESS OF MILITARY STATUS

        Date: *March 8, 2005*
            (Date this Acknowledgment is executed)

    I affirm the above as true under penalty of perjury.

Signature: *Hughes Hubbard + Reed LLP by Vilia B. Hayes*

Print Name: *Hughes Hubbard + Reed LLP by Vilia B. Hayes*

Address: *One Battery Park Plaza*
         *New York, NY 10004*

Name of Defendant for which acting: *Merck + Co., Inc.*

Position with Defendant for which acting (i.e., officer, (attorney) etc.)

PLEASE COMPLETE ALL BLANKS INCLUDING DATES.

**Exhibit**

**B**

# SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: _Helen E. Freedman_                    PART _39_
                    **Justice**

Dixson, C

INDEX NO. _101551/05_

MOTION DATE _____

- v -

MOTION SEQ. NO. _01_

Pfizer

MOTION CAL. NO. _____

The following papers, numbered 1 to _____ were read on this motion to/for _____

|  | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | _____ |
| Answering Affidavits — Exhibits _____ | _____ |
| Replying Affidavits _____ | _____ |

**Cross-Motion:** ☐ Yes    ☐ No

Upon the foregoing papers, it is ordered that this motion to dismiss by Pfizer et al is granted with leave to replead in separate actions. Plaintiff's Counsel may not join six plaintiffs in a single action and then set forth claims in non specific generalities. New ~~claim~~ Complaints shall specify which drug, how long ingested, what specific misrepresentations were made and to whom and specify claim injury and damages. GBL 349 claim will probably be dismissed permanently.

Dated: _9/2/05_                    _____

                                                    **J.S.C.**

**Check one:**  ☐ FINAL DISPOSITION    ☐ NON-FINAL DISPOSITION

**Check if appropriate:**  ☐ DO NOT POST    ☐ REFERENCE

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x

CHARLES H. DIXSON, MAYRA FIGUEROA,      :
MARGHARITA GIORDANO, MARY K. MATIAS,    :      Index No. 101551/05
KEVIN PITCHER,  and MARIANNE RAFTIS,    :
                                        :
                    Plaintiffs,         :
                                        :
        -against-                       :      **NOTICE OF ENTRY OF ORDER**
                                        :
PFIZER, INC., PHARMACIA CORPORATION, a  :
wholly-owned subsidiary of PFIZER, INC., and  :
PHARMACIA & UPJOHN COMPANY, a wholly-   :
owned subsidiary of PHARMACIA CORPORATION,  :
and MERCK & CO., INC.,                  :
                                        :
                    Defendants.         :
------------------------------------------------------------------x

**PLEASE TAKE NOTICE** that the attached is a true and correct copy of the Order of the

Hon. Helen E. Freedman in the above-captioned action, dated September 2, 2005, and entered in

the Office of the Clerk, New York County, on September 7, 2005 granting Pfizer, Inc.,

Pharmacia Corporation, and Pharmacia & Upjohn LLC's (Pfizer Defendants) Motion with leave

to replead in separate actions.

Dated:  New York, New York
        September 15, 2005

                              By: _____
                                    Stephen P. McLaughlin
                                    DLA PIPER RUDNICK GRAY CARY US LLP
                                    1251 Avenue of the Americas
                                    New York, New York  10020-1104
                                    (212) 835-6000

                                    *Attorneys for Pfizer Defendants*

TO:     Ronald R. Benjamin, Esq.
        LAW OFFICE OF RONALD R. BENJAMIN
        126 Riverside Drive, P.O. Box 607
        Binghamton, New York  13902-0607

(607) 772-1442

*Attorneys for Plaintiffs*

Vilia B. Hayes, Esq.
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York  10004

*Attorneys for Defendant Merck & Co., Inc.*



**Exhibit**

**C**

CVS PHARMACY
Patient Prescription Record
01/01/1998 12/15/2004
PHARM#  # 2252

| | |
|---|---|
| PHARMACY NAME: | CVS PHARMACY #2252 |
| ADDRESS: | 39 PARK STREET |
| CITY, ST, ZIP: | OWEGO NY 13827 |

| | |
|---|---|
| PATIENT KEY: | 22523121 |
| PATIENT NAME: | RAFTIS MARIANNE |
| ADDRESS: | 100 FRANKLIN ST |
| CITY, ST, ZIP: | OWEGO NY 13827 |

TELEPHONE:     607-687-3273
BIRTHDATE:     07/05/1919

| RX NUMBER | REL | NDC NUMBER | DRUG DESCRIPTION | PRESCRIBER NAME | DATE FILLED | RPH INT | QUANT DISP | PRIMARY PAYER # | SCDRY PAYER # | TOTAL PRICE | PRIMARY PD AMT | SCDRY PD AMT | PATIENT PD AMT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 110918 | 3 | 00066985030 | NORITATE 1% CREAM | FEDELE,CHARL R | 06/10/1999 | PC | 30 | 7434 | | 33.44 | 28.44 | .00 | 5.00 |
| 112465 | 0 | 00071006720 | OMNICEF 300MG CAPSULE | METCALFE,ANTHO | 02/02/1999 | PC | 20 | 7300 | | 60.96 | 55.96 | .00 | 5.00 |
| 120709 | 0 | 51672129006 | HYDROCORTISONE 0.2% CREAM | CHOI,SUSAN | 09/20/1999 | RM | 45 | 7434 | | 27.23 | 27.23 | .00 | .00 |
| 121662 | 0 | 00094454102 | DETROL 1MG TABLET | CHOI,SUSAN | 10/13/1999 | LG | 60 | 7434 | | 68.52 | 63.52 | .00 | 5.00 |
| 121689 | 0 | 00071506616 | NASACORT AQ NASAL SPRAY | CHOI,SUSAN | 10/13/1999 | LG | 17 | 7434 | | 38.90 | 33.90 | .00 | 5.00 |
| 121689 | 1 | 00071506616 | NASACORT AQ NASAL SPRAY | CHOI,SUSAN | 12/10/1999 | LG | 17 | 7434 | | 38.90 | 33.90 | .00 | 5.00 |
| 122359 | 0 | 00066985030 | NORITATE 1% CREAM | FEDELE,CHARL R | 10/29/1999 | LG | 30 | 7434 | | 35.90 | 30.90 | .00 | 5.00 |
| 122359 | 1 | 00066985030 | NORITATE 1% CREAM | FEDELE,CHARL R | 12/10/1999 | LG | 30 | 7434 | | 35.90 | 30.90 | .00 | 5.00 |
| 122360 | 0 | 00168008031 | HYDROCORTISONE 2.5% CREAM | FEDELE,CHARL R | 10/29/1999 | LG | 30 | 7434 | | 35.90 | 30.90 | .00 | 5.00 |
| 122998 | 0 | 00025152531 | FOSAMAX 5MG CAPSULE | OVEN,THOMA J | 11/13/1999 | LG | 30 | 7434 | | 65.91 | 60.91 | .00 | 5.00 |
| 122998 | 1 | 00025152531 | FOSAMAX 5MG CAPSULE | OVEN,THOMA J | 12/07/1999 | LG | 30 | 7434 | | 65.91 | 60.91 | .00 | 5.00 |
| 124088 | 0 | 00006092531 | FOSAMAX 5MG TABLET | OVEN,THOMA J | 12/28/1999 | LG | 30 | 7434 | | 7.01 | 7.01 | .00 | .00 |
| 124088 | 1 | 00006092531 | FOSAMAX 5MG TABLET | OVEN,THOMA J | 02/07/2000 | LG | 30 | 7434 | | 55.72 | 50.72 | .00 | 5.00 |
| 124088 | 2 | 00006092531 | FOSAMAX 5MG TABLET | OVEN,THOMA J | 03/07/2000 | LG | 30 | 7434 | | 55.72 | 50.72 | .00 | 5.00 |
| 124088 | 3 | 00006092531 | FOSAMAX 5MG TABLET | OVEN,THOMA J | 04/01/2000 | LG | 30 | 7434 | | 55.72 | 50.72 | .00 | 5.00 |
| 124088 | 4 | 00006092531 | FOSAMAX 5MG TABLET | OVEN,THOMA J | 06/05/2000 | LG | 30 | 7434 | | 55.72 | 50.72 | .00 | 5.00 |
| 124088 | 5 | 00006092531 | FOSAMAX 5MG TABLET | OVEN,THOMA J | 08/09/2000 | LG | 30 | 7434 | | 55.72 | 50.72 | .00 | 5.00 |
| 126094 | 0 | 00025152531 | FOSAMAX 5MG CAPSULE | OVEN,THOMA J | 01/21/2000 | LG | 30 | 7434 | | 65.91 | 60.91 | .00 | 5.00 |
| 126094 | 1 | 00025152531 | FOSAMAX 5MG CAPSULE | OVEN,THOMA J | 02/29/2000 | LG | 30 | 7434 | | 65.91 | 60.91 | .00 | 5.00 |
| 126094 | 2 | 00025152531 | CARDIZEM 300MG CAPSULE | OVEN,THOMA J | 04/01/2000 | LG | 30 | 7434 | | 65.91 | 60.91 | .00 | 5.00 |
| 130413 | 0 | 00025152531 | CARDIZEM 300MG CAPSULE | OVEN,THOMA J | 04/01/2000 | LG | 30 | 7434 | | 65.91 | 60.91 | .00 | 5.00 |
| 130413 | 1 | 00025152531 | CARDIZEM 300MG CAPSULE | OVEN,THOMA J | 04/24/2000 | LG | 30 | 7434 | | 65.91 | 60.91 | .00 | 5.00 |
| 130413 | 2 | 00025152531 | CARDIZEM 200MG CAPSULE | OVEN,THOMA J | 06/05/2000 | LG | 30 | 7434 | | 65.91 | 60.91 | .00 | 5.00 |
| 130413 | 3 | 00025152531 | CARDIZEM 200MG CAPSULE | OVEN,THOMA J | 07/12/2000 | LG | 30 | 7434 | | 65.91 | 60.91 | .00 | 5.00 |
| 135554 | 0 | 59762332701 | METHYLPREDNISOLONE 4MG DS | CHOI,SUSAN | 08/21/2000 | PC | 21 | 7434 | | 12.07 | 7.07 | .00 | 5.00 |
| 135555 | 0 | 00168008031 | HYDROCORTISONE 2.5% CREAM | CHOI,SUSAN | 08/21/2000 | PC | 30 | 7434 | | 7.01 | 5.01 | .00 | 2.00 |
| 135677 | 0 | 00364049401 | HYDROXYZINE HCL 10MG TABL | CHOI,SUSAN | 08/23/2000 | PC | 40 | 7434 | | 3.53 | 1.53 | .00 | 2.00 |
| 139194 | 0 | 00093089005 | PROPOXY-N/APAP 100-650 TA | WHITTOCK,RPA-C | 11/05/2000 | PC | 30 | 7434 | | 13.49 | 11.49 | .00 | 2.00 |
| 139290 | 0 | 00006092531 | FOSAMAX 5MG TABLET | OVEN,THOMA J | 11/07/2000 | PC | 30 | 7434 | | 60.30 | 55.30 | .00 | 5.00 |
| 141055 | 0 | 00006092531 | FOSAMAX 5MG TABLET | OVEN,THOMA J | 12/09/2000 | LG | 30 | 7434 | | 60.30 | 55.30 | .00 | 5.00 |
| 142436 | 0 | 00093111310 | PENICILLIN VK 500MG TABLE | LAJOR,ROBER T | 01/04/2001 | PC | 28 | 7434 | | 4.01 | 2.81 | .00 | 1.20 |
| 143979 | 0 | 00149071001 | MACROBID 100MG CAPSULE | CHOI,SUSAN | 01/30/2001 | PC | 15 | 7434 | | 36.98 | 34.48 | .00 | 2.50 |
| 144939 | 0 | 00071053023 | ACCUPRIL 10MG TABLET | CHOI,SUSAN | 02/30/2001 | LG | 14 | 7434 | | 22.72 | 17.72 | .00 | 5.00 |
| 144939 | 1 | 00071053023 | ACCUPRIL 10MG TABLET | CHOI,SUSAN | 04/14/2001 | LG | 30 | 7434 | | 30.13 | 25.13 | .00 | 5.00 |
| 144939 | 2 | 00071053223 | ACCUPRIL 20MG TABLET | CHOI,SUSAN | 04/23/2001 | LG | 30 | 7434 | | 30.13 | 25.13 | .00 | 5.00 |
| 145752 | 0 | 00071053223 | ACCUPRIL 20MG TABLET | CHOI,SUSAN | 03/01/2001 | PC | 30 | 7434 | | 30.13 | 25.13 | .00 | 5.00 |
| 146173 | 0 | 00006011068 | VIOXX 25MG TABLET | OVEN,THOMA J | 03/09/2001 | PC | 30 | 7434 | | 71.22 | 66.22 | .00 | 5.00 |
| 146173 | 1 | 00006011068 | VIOXX 25MG TABLET | OVEN,THOMA J | 04/11/2001 | PC | 30 | 7434 | | 71.22 | 66.22 | .00 | 5.00 |
| 146173 | 2 | 00006011068 | VIOXX 25MG TABLET | OVEN,THOMA J | 05/23/2001 | LG | 30 | 7434 | | 71.22 | 66.22 | .00 | 5.00 |
| 146173 | 3 | 00006011068 | VIOXX 25MG TABLET | OVEN,THOMA J | 06/28/2001 | LG | 30 | 7434 | | 71.22 | 66.22 | .00 | 5.00 |
| 146173 | 4 | 00006011068 | VIOXX 25MG TABLET | OVEN,THOMA J | 07/18/2001 | LG | 30 | 7434 | | 71.22 | 65.22 | .00 | 6.00 |

**Exhibit**

**D**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------

IN RE: NEW YORK BEXTRA AND CELEBREX
PRODUCT LIABILITY LITIGATION

Index No. 762000/06

Hon. Sirley W. Kornreich

------------------------------------------------------------------

THIS DOCUMENT APPLIES ONLY TO CASES
LISTED IN APPENDIX A TO MOVING PAPERS
(RE: COMPLIANCE MOTION NO. 2)

**ATTORNEY AFFIRMATION**

------------------------------------------------------------------

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF BROOME       )

RONALD R. BENJAMIN, an attorney duly admitted to practice law before the courts of

the State of New York, hereby affirms under penalties of perjury, except as to matters stated

upon information and belief, as follows:

1.  I am the attorney for certain plaintiffs as identified and listed in Appendix A to the

Compliance Motion No. 2 of defendants Pfizer Inc., Pharmacia Corporation, and G. D. Searle,

LLC (collective "Pfizer defendants"), seeking to dismiss their claims against the Pfizer

defendants with prejudice for failing to comply with Case Management Order No. 6 and the

Order entered by the Special Master, United States District Judge Fern M. Smith (Ret.), on

November 5, 2007.

2.  This affirmation supports opposition to the motion as well as the plaintiffs' cross-

motion for an extension of time of sixty (60) days to comply with the requirements set forth the

aforesaid orders on which the motion is based.

3.  As this Court is no doubt aware, approximately two weeks after Mag. Smith entered

the aforesaid order, the Honorable Charles R. Breyer, United States District Judge presiding over

MDL No. 1699, entered a lengthy opinion dated November 19, 2007, in which he held:

> After carefully considering the parties' memoranda and evidence, and the
> testimony offered at the hearing, the Court concludes that plaintiffs have not
> presented scientifically reliable evidence that Celebrex causes heart attacks or
> strokes when ingested at the 200 milligram a day dose.

In Re: Bextra and Celebrex Marketing Sales Practices and Product Liability Litigation, 2007 U.S.

Dist. LEXIS 85382, at *40 (N.D.Cal. 2007).

4.   Moreover, in the interim, the Honorable Eldon Fallon, presiding over the Vioxx MDL

No. 1657, entered Pre-Trial Order No. 28, which announced a Master Settlement Agreement and

imposed extensive requirements that were intended to and do affect the claims of plaintiffs with

Vioxx claims pending in this Court.  *See PTO 28 annexed as **Exhibit A**.*

5.   Undersigned counsel is listed as representing twenty-one of the plaintiffs in Appendix

A to the Pfizer defendant's motion, and also represents other plaintiffs before this Court who are

not the subject of the motion.

6.   As a result of Judge Breyer's decision and the overlapping events that have clearly

raised significant issues as to the likelihood of success of each of the plaintiff's claims, your

affiant has had to devote considerable time and effort to evaluate the individual claims of the

plaintiffs he represents in the three different forums, and whether the claims of certain of the

plaintiffs in this Court should be discontinued as a result of the impact of Judge Breyer's

decision, thus obviating the necessity for compliance with CMO No. 6 or Magistrate Fern's order

which was issued prior to Judge Breyer's decision and PTO 28 in the Vioxx MDL.

7.   It is respectfully submitted that counsel should be afforded additional time to

coordinate the effort to identify claims that should be discontinued, and to advise those plaintiffs

of the advice that they discontinue their claims, as well as to determine which plaintiff's claims, if any, should not be discontinued.

8.  At this juncture, I can represent that I am ready to recommend discontinuance to a majority of the plaintiffs who are listed in Appendix A, but require additional time to handle this effort in a meaningful manner to preserve meritorious claims.

9.  In according to this rules, I attempted to contact counsel for the Pfizer defendants, Christopher Strongosky, Esq., regarding this cross-motion and was advised he was not available today, and I have not received a return call from any attorney in his office.

10.  It is respectfully submitted that the Pfizer defendants will be not prejudiced by the extension of time requested herein, particularly in light of the matters mentioned above.

WHEREFORE, it is respectfully submitted that this Court should deny Compliance Motion No. 2 as to the plaintiffs represented by the Law Office of Ronald R. Benjamin who are listed in Appendix A, or, in the alternative, should enter a conditional order granting the plaintiffs represented by the Law Office of Ronald R. Benjamin an extension of time, to and including sixty (60) days after the March 6, 2008 return date, and such other and further relief as the Court deems just and proper.

Dated: February 25, 2008
       Binghamton, New York

                                   Ronald R. Benjamin
                                   LAW OFFICE OF RONALD R. BENJAMIN
                                   Attorneys for Certain Plaintiffs in Appendix A
                                   126 Riverside Drive, P. O. Box 607
                                   Binghamton, NY 13902-0607
                                   607/772-1442

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
MARIANNE RAFTIS,

                              Plaintiff,

      -vs-                                   Case No. 08-Civ-3067

MERCK & CO., INC.,

                              Defendant.
-------------------------------------------------------------------

### PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO STAY PENDING A DECISION ON TRANSFER BY THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION, AND IN SUPPORT OF THE CROSS-MOTION PURSUANT TO 28 U.S.C. 1447(c) TO REMAND THE INSTANT CASE TO THE NEW YORK STATE SUPREME COURT, NEW YORK COUNTY FROM WHICH IT WAS REMOVED

This memorandum of law is submitted in opposition to defendant Merk & Co.'s motion to stay all proceedings pending a decision by the Judicial Panel on Multi-District Litigation, and further supports plaintiff's cross- motion to remand this action pursuant to 28 U.S.C. 1447(c) back to the New York State Supreme Court for the County of New York from which it was improperly removed by defendant Merck & Co., Inc., on the grounds of alleged fraudulent joinder. Plaintiff respectfully submits that, because the removal to this Court is based solely on diversity jurisdiction, the cross-motion is dispositive as to the Court's lack of jurisdiction, and, therefore, it is proper to consider and grant this cross-motion despite the removing defendant's intention to seek transfer to multi-district litigation regarding its product.

### STATEMENT OF FACTS

Plaintiff was originally named in the caption of a multi-plaintiff action filed on February 2, 2005, in the Supreme Court of the State of New York for the County of New York, entitled <u>Charles H. Dixson,</u>

<u>Mayra Figueroa, Margharita Giordano, Mary K. Matias, Kevin Pitcher, and Marianne Raftis v. Pfizer,</u>

<u>Inc., Pharmacia Corporation, a wholly-owned subisidiary of Pfizer, Inc., and Pharmacia & Upjohn</u>

<u>Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co.,</u> Index No.

101551/05,

as confirmed by Merck's Acknowledgment of Service. *See Exhibit A to Attorney Affirmation of Ronald*

*R. Benjamin ("Benjamin Aff.").*    By Administrative Order dated April 14, 2006, all cases seeking

damages for ingestion of Bextra, Celebrex and Vioxx, whether alone or in combination, were assigned

to the Hon. Shirley W. Kornreich for the purpose of coordination for all purposes.  *See Administrative*

*Order, annexed as last document in Merck's Ex.4., at page 1.*   Thereafter, plaintiffs in multi-plaintiff

complaint captions were required to file separate actions, and plaintiff commenced a separate action by

filing of the complaint with the New York Supreme Court for the County of New York on August 11,

2006.  *See Complaint annexed as Exhibit 1 to Notice of Removal*  As Merck appears to concede in its

moving papers, it did not seek to remove the original complaint on fraudulent joinder grounds during

the one-year period after it was filed, nor the separate complaint for the one-year period after it was filed.


On its face, the complaint alleges product liability and fraud claims against defendant Merck &

Co., as well as Pfizer, Inc., arising out of the plaintiff's ingestion of their respective drugs Vioxx and

Celebrex. *Id., at paras. 15-16.*   It is clear from the complaint that plaintiff alleged indivisible injury

based on the same personal injury risks posed by these two drugs.  Defendant Merck has been provided

with signed authorizations permitting it to obtain plaintiff's pharmaceutical records, and has not

supported its motion with any evidence plaintiff did not, in fact, ingest Pfizer's drug as well as Merck's.

On the face of the original multi-plaintiff complaint and the instant complaint, it is clear plaintiff

did not sue any physician, salesman distributor or fictitious John Doe; rather, they confirm she sued only

the manufacturers of the two Cox-II inhibitor drugs she ingested, one of which was manufactured and

marketed by Merck's competitor, Pfizer  The complaint alleged both the plaintiff and defendant Pfizer

are citizens of the State of New York, inasmuch as they both reside in the State of New York *(Notice*

*of Removal, at para. 5)*, and defendant's removal papers do not in any respect indicate there is any

evidence that defendant Pfizer is not a citizen of New York State as alleged in the complaint at the time

of filing. Instead, defendant Merck appears to concede that, absent the alleged fraudulent joinder,

diversity of citizenship was not a basis for federal jurisdiction in this case at the time it was filed.

Plaintiff turns to the facts alleged that provide the basis for the claims against Pfizer.  The

complaint alleges that paintiff "ingested the drug Celebrex in or about 1999 to 2000, as directed by

her physicians and in accordance with the respective manufacturer's instructions." *Merck Ex. 1,*

*Complaint, at para. 16.*  The ingestion of Celebrex at the 200 mg daily dose in 1999 to 2000 is

documented in medical records. *See Ex. C to Benjamin Aff.*

Merck is fully aware there is ongoing nationwide litigation against the Pfizer defendants, as

well as multidistrict litigation, and that on November 19, 2007, the Honorable Charles R. Breyer

issued an opinion holding that the "plaintiffs have not presented scientifically reliable evidence that

Celebrex causes heart attacks or strokes when ingested at the 200 milligram a day dose."  IN RE:

BEXTRA AND CELEBREX MARKETING SALES PRACTICES AND PRODUCT LIABILITY

LITIGATION (MDL No. 1699), 524 F. Supp. 2d 1166, 1169, 2007 U.S. Dist. LEXIS 85382 at *40

(N.D.CA 2007).

Judge Breyer's order came within days after the Compliance Motion Order entered by Special

Master Fern M. Smith, which required expedited compliance with discovery requirements of Case

Management Order No. 6 within 21 days. *See Merck's Ex. 4 annexed to the Notice of Removal.*

However, Judge Breyer's decision intervened and clearly impacted the viability of the plaintiff's

claims based on her ingestion of Celebrex.   Indeed, thereafter, Pfizer filed a motion for failure to

comply with Judge Smith's expedited order.   On February 25, 2008, ounsel for plaintiff filed a cross-

motion for an extension of time based on the fact that "Judge Breyer's decision and the overlapping

events...have clearly raised significant issues as to the likelihood of success of each of the plaintiff's

claims [based on Celebrex]" which required him to evaluate the individual claims and identify

claims that should be discontinued and advise the plaintiffs of the same.   *See Ex. D to Benjamin Aff.,*

*Attorney Affirmation, at paras. 6-7.*   Thereafter, on March 5, 2008, plaintiff's counsel signed the

Stipulation of Dismissal with Prejudice Against Pfizer Defendants. *See Ex. 2 to Notice of Remand.*

## ARGUMENT

### The Removing Defendant Has  Failed to Meet its Burden to Show  Entitlement  to  Removal Based on the Matters Alleged with Regard  to Purported  Fraudulent Joinder With Respect to the Claims Against  Pfizer Within the First Year After the Complaint Was Filed, And Is Not  Entitled to a Stay and Granting the Cross-Motion to Remand Would  Properly Divest the Federal Courts of Jurisdiction to Transfer to the MDL.

Defendant Merck concedes that its notice of removal does not meet the time limitations in the

rules, and seeks to place the blame for the same on the plaintiff.    In response, plaintiff respectfully

submits that, as the removing party, defendant Merck has "the burden of establishing that Pfizer is a

nominal party and any doubts are to be resolved in favor of remand", since its notice of removal is

tantamount to a claim that Pfizer was "joined for the sole purpose of destroying diversity." Marun

Fashion and Sportswear, Inc., v. The Gillman Knitwear Co., 1992 U.S. Dist. LEXIS 6298, at *1-2

(SDNY May 4, 1992).   Indeed, it is respectfully submitted the law is  well settled that:

> "Removal statutes are construed narrowly and all uncertainties are resolved in favor of
> remand in order to promote the goals of federalism, restrict federal court jurisdiction, and
> support the plaintiff's right to choose the forum." *Curtin v. Port Auth. of New York, 183 F.
> Supp. 2d 664, 667 (S.D.N.Y. 2002);* accord *Somlyo v. J. Lu-Rob Enter., Inc., 932 F.2d*

*1043, 1045-46 (2d Cir. 1991); Stamm v. Barclays Bank, 1996 U.S. Dist. LEXIS 15781, No. 96 Civ. 5158 (SAS), 1996 WL 614087, at \*1 (S.D.N.Y. Oct. 24, 1996); see Gilman v. BHC Sec., Inc., 104 F.3d 1418, 1428 (2d Cir. 1997). The removing party has the burden of demonstrating that federal jurisdiction exists. Grimo v. Blue Cross/Blue Shield, 34 F.3d 148, 151 (2d Cir. 1994); Curtin, 183 F. Supp. 2d at 667.*

Rubin v. Mastercard International, LLC, 2004 U.S. Dist. LEXIS 20528, at \*3 (SDNY Oct. 14, 2004).

Removing defendant Merck has failed to demonstrate that plaintiff has not pled a cause of action against Pfizer.  Merck, as the removing defendant, has not adduced any facts showing that the medical literature raised no concerns as to the cardiovascular risks of Vioxx and Celebrex prior to plaintiff's ingestion thereof.  The safety and risks of Vioxx, Celebrex and Bextra, all of which are selective cyclooxygenase 2 (COX-2) inhibitors, has been a matter of debate and ongoing study throughout the instant litigation.  This is clearly confirmed by Judge Breyer's *Daubert* decision issued November 19, 2007.

In this case, the reason that Pfizer was stipulated out of the case was the ruling on expert testimony concerning 200 mg dose of Celebrex.  Plaintiff's complaints against Pfizer and Merck have been pending for almost three years, which, plaintiff submits, supports remand in that more than a full year passed after plaintiff filed the separate action that was required by the New York court.  The length of time these product liability claims have been pending evinces there was no fraudulent joinder despite the evolution of the litigation and the later events caused by Judge Breyer's decision.

Finally, plaintiffs respectfully submit that this Court should grant the instant motion for remand particularly in light of the possible transfer to the Vioxx MDL No. 1657 as suggested by defendant Merck in its motion, since "judicial efficiency and economy are better served by this Court considering, ***before the case is transferred to the MDL Court***, the Motion to Remand."  Barragan v. Warner-Lambert Co., 216 F.Supp.2d 627,630, 2002 U.S.Dist. LEXIS 16443, at \*5 (WD Tex. 2002) [emphasis added].  "This Court, as transferor Court, retains exclusive jurisdiction until the *§ 1407* transfer becomes

effective and as such, motions to remand should be resolved before the panel acts on the motion to

transfer." *Tortola Restaurants, L.P. v. Kimberly-Clark Corp., 987 F. Supp. 1186, 1189 (N.D.Cal. 1997).*

There is a clear indication in the Judicial Panel's Rules of Procedure that:

> the pendency of a motion, order to show cause, conditional transfer order or conditional
> remand order before the Panel concerning transfer or remand of an action pursuant to *28
> U.S.C. §1407* does not affect or suspend orders and pretrial proceedings in the district court
> in which the action is pending and does not in any way limit the pretrial jurisdiction of that
> court.

*R. P. JPML 1.5* (2001).   Moreover:

> When notified of the filing of a motion for transfer, therefore, matters such as motions to
> dismiss or to remand, raising issues unique to the particular case, may be particularly
> appropriate for resolution  before the Panel acts on the motion to transfer. The Panel has
> sometimes delayed ruling on transfer to permit the court in which the case is pending to
> decide critical, fully briefed and argued motions.

*Manual for Complex Litigation,* § 20.132, at 220-221 (4th Ed.) (emphasis added).

## CONCLUSION

In view of the aforesaid matters, it is respectfully requested that the defendant's motion for a

stay of these proceeding should be DENIED, and plaintiff's cross-motion to remand this action to the

New York State Court in New York should be GRANTED.

Dated:    April 10, 2008
          Binghamton, New York


RONALD R. BENJAMIN  Fed. Bar No. 101131.
LAW OFFICES OF RONALD R. BENJAMIN
Attorneys for Plaintiff
126 Riverside Drive, P. O. Box 607
Binghamton, New York 13902
607/772-1442