

IN RE: VIOXX MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION          MDL No. 1657

### TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in the eight actions listed on Schedule A move pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), asking the Panel to vacate its order conditionally transferring the actions to the Eastern District of Louisiana for inclusion in MDL No. 1657. Defendant Merck & Co., Inc., opposes the motion.

After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Louisiana, and that transfer of these actions to the Eastern District of Louisiana for inclusion in MDL No. 1657 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Eastern District of Louisiana was a proper Section 1407 forum for actions involving claims relating to Vioxx. *See In re Vioxx Products Liability Litigation*, 360 F.Supp.2d 1352 (J.P.M.L. 2005).

Plaintiffs can present their motions for remand to state court to the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

---

[*] Although two of the Panel's five current members hold stock interests that would normally disqualify them under 28 U.S.C. § 455 from participating in the decision of this matter, the Panel invokes the Rule of Necessity to decide the matter now before it on the authority of, and for the reasons explained in, *In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation*, 170 F.Supp.2d 1356, 1357-58 (J.P.M.L. 2001).

___ Fee_____
___ Process_____
_X_ Dktd_____
___ Ctrm Dep_____
___ Doc. No_____

IN RE: VIOXX MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION   MDL No. 1657

## SCHEDULE A

|  | EDLA SEC.L/3 |
|---|---|
| **Southern District of New York** | |
| Marianne Raftis v. Merck & Co., Inc., C.A. No. 1:08-3067 | 08-4166 |
| Samuella Cadwell, et al. v. Merck & Co., Inc., C.A. No. 1:08-3068 | 08-4167 |
| Dean Santacrose v. Merck & Co., Inc., C.A. No. 1:08-3069 | 08-4168 |
| Margaret Steinhoff, et al. v. Merck & Co., Inc., C.A. No. 1:08-3074 | 08-4169 |
| Kevin Pitcher v. Merck & Co., Inc., C.A. No. 1:08-3075 | 08-4170 |
| Carolyn S. Croft v. Merck & Co., Inc., C.A. No. 1:08-3078 | 08-4171 |
| Helen Bilik, et al. v. Pfizer Inc., et al., C.A. No. 1:08-3280 | 08-4172 |
| Carol Adelberg, et al. v. Pfizer Inc., et al., C.A. No. 1:08-3291 | 08-4173 |

-2-

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

J. Frederick Motz			Robert L. Miller, Jr.
Kathryn H. Vratil			David R. Hansen